**MEMO ENDORSED**



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/08

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

BRIAN FRANCOLLA
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

August 14, 2008

**BY HAND DELIVERY**
Honorable Naomi R. Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2270
New York, New York 10007-1312

RECEIVED IN CHAMBERS
OF NAOMI REICE BUCHWALD
AUG 15 2008
UNITED STATES DISTRICT JUDGE

Re: <u>Wyth Austin v. The City of New York, et al.</u>,
    08 CV 6157 (NRB)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendant City of New York. In that capacity, I write with the consent of plaintiff's counsel, Jeffrey Pollack, Esq., to respectfully request a sixty-day enlargement of time, from today until October 14, 2008, within which City defendant may answer or otherwise respond to the complaint. This is the first request for an enlargement of time.

      The complaint alleges that plaintiff was assaulted on June 6, 2007 by New York City Police Officers while he was being arrested. In addition to the City of New York, plaintiff names Police Officers Rosen, Reyes, Rodriguez, Milan and several unidentified police officers as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this Office to forward to plaintiff for execution an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Without the unsealing release, we are unable to obtain the underlying documentation concerning plaintiff's arrest and prosecution, including New York City Police Department paperwork. In addition, because plaintiff is claiming physical and/or psychological injuries, an enlargement of time will allow this Office to forward to plaintiff for execution authorizations for the release of medical records for any treatment received as a result of the alleged incident. Accordingly, City defendant requires this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

*[Handwritten endorsement in right margin:]* So Ordered [signature] Naomi Reice Buchwald USDJ 8/18/08

**MEMO ENDORSED**

    Moreover, we must ascertain whether the officers named in this action have been served with the summons and complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent each officer. Each officer must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain each officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

    In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

                      Respectfully submitted,

                       Brian Francolla
                       Assistant Corporation Counsel
                       Special Federal Litigation Division

cc:  Jeffrey Pollack, Esq. (By fax)
    Attorney for Plaintiff
    Tracie A. Sundack & Associates, LLC
    19 Court Street, Third Floor
    White Plains, NY 10601

---

[1] According to the docket sheet, the individuals identified in the caption of the complaint as Police Officers Rosen, Reyes, Rodriguez and Milan have not been served with a copy of the summons and complaint. Moreover, upon information and belief, these individuals have not requested legal representation from the Office of the Corporation Counsel. Without making any representation on behalf of these individuals, it is respectfully requested that, in the event they were served, their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.